IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| NEW HAMPSHIRE INDONESIAN COMMUNITY SUPPORT, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, in his official capacity, et al., <br><br> Defendants-Appellants. | No. 25-1348 |

**OPPOSITION TO APPELLEES' MOTION THAT APPELLANTS BE ORDERED TO FILE AN OPENING BRIEF IN 6 BUSINESS DAYS**

Without explaining any harm the appellees would suffer from an ordinary briefing schedule, the appellees ask this Court to order the government to file an opening brief in 6 business days. The request is as unusual as it is unreasonable.

The appellees suffer no prejudice from providing the government the ordinary time provided in this Court's Local Rules and the Federal Rules of Appellate Procedure to adequately review the district court record and prepare its opening brief. The appellees prevailed below and received the preliminary injunction that is being appealed. The government has not sought a stay of that injunction, so briefing this argument on the normal schedule will cause them no harm. In contrast, the government would be significantly prejudiced by highly expedited briefing. Accelerating this case would reduce rather than improve judicial efficiency. The

appellees' unusual motion fails to justify any departure from Local Rule 31.0(a) and should be denied. The federal appellants instead request that, after appellants file a Local Rule 3.0 docketing statement, this Court set an initial briefing schedule in accordance with Federal Rule of Appellate Procedure 31(a).

1. The plaintiffs-appellees sued the federal government, challenging the President's Executive Order interpreting the Citizenship Clause. They sought a preliminary injunction, which was granted on February 11, 2025. The government filed a motion for clarification on February 18, 2025. On March 14, 2025, the district court clarified the injunction at a hearing. That injunction remains in place. The government has not sought a stay.

On April 10, the government filed a notice of appeal. After the close of business on April 11, before this Court had even issued an opening notice, the appellees filed a motion asking that the appellants be ordered to file an opening brief 6 business days later, on April 21.

2. At least ten different lawsuits challenging the Executive Order were filed. Three district courts granted nationwide preliminary injunctions. The government is currently briefing the merits of the appeals from these three nationwide injunctions. It filed its opening brief in a Ninth Circuit appeal on March 7, 2025, *Washington v. Trump*, No. 25-807 (9th Cir.), in a Fourth Circuit appeal on March 31, 2025, *CASA Inc. v. Trump*, No. 25-1153 (4th Cir.), and will be filing an opening brief in a

2

consolidated appeal in this Court next Monday, April 21, 2025, *Doe v. Trump*, No. 25-1169 (1st Cir.); *New Jersey v. Trump*, No. 25-1170 (1st Cir.).

The federal government filed a notice of appeal in the *New Jersey* case on February 19, 2025. It also appealed a narrower injunction in the separate *Doe* case that the district court decided in the same opinion. When this Court denied the government's request for a stay pending appeal on March 11, 2025, it consolidated the cases and set a briefing schedule "in accordance with Fed. R. App. P. 31 and 1st Cir. R. 31.0." *New Jersey v. Trump*, No. 25-1170, Order (March. 11, 2025). The government's opening brief was ordered to be filed on Monday, April 21, 2025, which is 41 days after the briefing order and 61 days after the notice of appeal. A similar timeline in this case would be appropriate.

3. Appellees' request for extraordinary expedition of the briefing schedule in this case is unwarranted. When, like here, the defendant-appellant has not sought a stay pending appeal, the appellees suffer no prejudice from briefing under the ordinary procedures provided for in Federal Rule of Appellate Procedure 31 and Local Rule 31.0.

4. Appellee's main argument is that the government will not be prejudiced. But the prejudice from the appellees' extraordinary timeline is obvious. It prejudices the government's ability to adequately brief this case and prejudices the government in related cases by requiring it to reallocate resources away from pending briefing deadlines.

3

The undersigned attorneys who will be handling this appeal need time to familiarize themselves with the district court record and the district court's opinion. These attorneys have been focused on actively litigating appeals from the three nationwide injunctions. In the last two months, they have fully briefed stay motions (or partial stay motions) about the Citizenship Clause Executive Order in the First, Fourth, and Ninth Circuits, and submitted opening briefs in the Fourth and Ninth Circuits, in addition to their work on unrelated matters.

Devoting resources to expediting this appeal would require reallocating resources away from the governments' upcoming, related briefs. The two line attorneys working on this appeal are also responsible for the government's opening brief due next Monday, April 21, in this Court in *New Jersey* and *Doe*, and for a reply brief in the Ninth Circuit case (*Washington v. Trump*, No. 25-807) that is due next Friday, April 25. The latter involves responding to 10 amicus briefs filed opposing the government, nearly all filed last Friday. Another reply brief will be due in the Fourth Circuit appeal (*CASA, Inc. v. Trump*, No. 25-1553) on approximately May 21. Further, one of the two line attorneys is on scheduled leave this week, from April 14 through April 18. Being compelled to file an additional, highly expedited brief in this case would require the government counsel handling these appeals to divert their time and attention from other urgent briefs.

5. Expediting this appeal would hinder rather than help this Court's review. The motion's argument appears to be that by having more briefing, the Court will be

better able to understand the legal issues. But this Court will already have ample briefing. The appellees in the consolidated *New Jersey* and *Doe* appeal are filing separate response briefs. It is likely that there will also be a substantial number of amicus briefs filed; the Ninth Circuit appeal about the Executive Order has already garnered 18 amicus briefs and this Court's appeal in *New Jersey* and *Doe* will likely garner a similar quantity. Adding a third response brief to these would burden rather than benefit this Court's review of the issues. And even if there were a marginal benefit, it would not justify the significant burdens imposed by the extraordinary briefing schedule appellees seek. In any event, the appellees would be free to file an amicus brief explaining any legal arguments they believe are not adequately developed in the other briefs in the case.

The main judicial efficiency the motion seeks is avoiding multiple oral arguments on the same issue. But that efficiency could be obtained in less burdensome ways. If, as their motion (at 4) claims, "the merits issues are the same as those presented in" *New Jersey* and *Doe*, that would counsel in favor of holding this case in abeyance. After the undersigned file their briefs next week in this Court and the Ninth Circuit and have time to review the record in this case, if they agree that this case does not present any additional issues, they intend to file a motion to hold this case in abeyance (which the appellees have informed us they would oppose).

6. For the foregoing reasons, the government respectfully requests that the Court deny the motion and apply Local Rule 31.0(a).

Respectfully submitted,

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
BRAD HINSHELWOOD

/s/ *Derek Weiss*
DEREK WEISS
  Attorneys, Appellate Staff
  Civil Division, Room 7230
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530
  (202) 616-5365
  derek.l.weiss@usdoj.gov

APRIL 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,192 words, according to the count of Microsoft Word.

/s/ *Derek Weiss*
DEREK WEISS