No. 25-1348

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

NEW HAMPSHIRE INDONESIAN
COMMUNITY SUPPORT, et al.,

Plaintiffs - Appellees,

v.

DONALD J. TRUMP, President of the United
States, in his official capacity, et al.,

Defendants - Appellants.

On Appeal from the United States District Court for the District of New
Hampshire Civil Action No. 1:25-cv-00038-JL-TSM

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF MOTION TO SET BRIEFING ON THE SAME SCHEDULE AS THE *NEW JERSEY* LITIGATION**

| | |
|---|---|
| SangYeob Kim (No. 1183553) | Cody Wofsy (No. 1179414) |
| Gilles Bissonnette (No. 123868) | Hannah Steinberg |
| Henry Klementowicz (No. 1179814) | Stephen Kang |
| Chelsea Eddy (No. 1213964) | Spencer Amdur |
| AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE | AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT |
| 18 Low Avenue | 425 California Street, Suite 700 |
| Concord, NH 03301 | San Francisco, CA 94104 |
| Tel.: (603) 224-5591 | Tel.: (415) 343-0770 |

*Additional Counsel on Signature Page*

As the Court has done in the past, it should align the briefing schedule in this case with the existing schedule in the parallel *New Jersey* litigation. *See, e.g.*, *Hernandez-Lara v. Lyons*, No. 19-2019 (1st Cir. Apr. 28, 2020) (denying respondent-appellant's motion to hold case in abeyance and granting petitioner-appellee's motion to schedule briefing on the same schedule as pending matters). Defendants offer no persuasive reason to do otherwise here.

Defendants emphasize the limited time before their opening brief would be due. Opp. 1. But they fail to acknowledge that Plaintiffs alternatively proposed that the Court order an adjusted briefing schedule that would permit more time for Defendants' opening brief while still achieving the completion of briefing at the same time as the *New Jersey* litigation. *See* Mot. 3-4. For example, Plaintiffs' proposed alternative schedule would leave plenty of time for Defendants to file their brief, which presumably will largely duplicate the brief to be filed in *New Jersey*—and, notably, Defendants do not even suggest otherwise. In any event, Plaintiffs are prepared to proceed on any expedited briefing schedule the Court deems appropriate.

Defendants brush away the benefit to the Court in having this case briefed at the same time as *New Jersey*, suggesting it is at most "marginal." Opp. 4-5. But considering these plaintiffs' injuries and interests alongside those presented in the

*New Jersey* litigation is in fact vital to the Court's full assessment of this issue. The plaintiffs in this litigation are organizations representing hundreds of thousands of members, including members nationwide with babies or expecting babies impacted by the Order. That means they are differently situated from the States and other jurisdictions that are plaintiffs in *New Jersey*, and differently situated than the plaintiffs in the companion *Doe* case, which is brought by certain organizations and individuals in Massachusetts, rather than nationwide. *See Doe*, Compl. 4-5, ECF No. 1 (D. Mass. Jan. 20, 2025); *Doe v. Trump*, No. CV 25-10135-LTS, 2025 WL 485070, at *3 (D. Mass. Feb. 13, 2025).

Particularly given the prominence of questions of standing and related issues in the government's *New Jersey* briefing to date, it would benefit the Court to have the full constellation of plaintiffs who have brought suit in this Circuit before it at the same time. For example, in their stay motion Defendants took issue with the plaintiff States' and other jurisdictions' Article III standing. *New Jersey v. Trump*, 131 F.4th 27 (1st Cir. 2025) (rejecting these arguments and denying stay). They have no such arguments against Plaintiffs here.

Indeed, Defendants' response to this motion—suggesting (at 5) that this suit should be held in abeyance and that Plaintiffs should participate only as amicus—appears to reflect a strategy of divide and conquer. But while Defendants might

2

prefer to focus on their threshold arguments against one or another set of plaintiffs to avoid the merits issues, the just resolution of this important matter would be served by instead considering this case alongside *New Jersey*. Doing so will best facilitate the Court's consideration of all the harms visited by the Order on families and communities around the country.

Defendants suggest that they are unfamiliar with this case, necessitating substantial time to assess and prepare. But they have known about this injunction for two months. Moreover, authorizing this appeal required approval by the Solicitor General's office, 28 C.F.R. 0.20, undermining the notion that Defendants' counsel are unfamiliar with the issues or record. And while they point to the filing of "ten different lawsuits" to suggest they are inundated with similar litigation, Opp. 2, there are only four consolidated cases that have yielded injunctions: the three suits pending before the Supreme Court, and this case.

Defendants also obliquely suggest that Plaintiffs delayed filing this motion, noting that it was filed "[a]fter the close of business" the day after Defendants' notice of appeal. Opp. 2. Because of the Court's case initiation process, ECF filing was not available until that point; Plaintiffs filed immediately after this case became available for submissions on ECF.

This case is important, and the Court deserves to have the full set of litigants

before it. Given that importance, expeditious consideration is also warranted, as reflected in this Court's order in *New Jersey* that briefing be set "forthwith." 131 F.4th at 44; *see also Washington v. Trump*, No. 25-807, 2025 WL 553485, at *1 (9th Cir. Feb. 19, 2025) (denying stay and ordering expedited oral argument in June 2025). Plaintiffs' proposal—either to enter the existing *New Jersey* briefing schedule, or to adjust it while ensuring that briefing is complete by June 11— achieves both goals. Defendants' proposal, by contrast, achieves only their own goal of permitting them to focus on non-merits issues that apply to only some of the plaintiffs challenging the Order in this Circuit.

Dated: April 14, 2025                                  Respectfully submitted,

/s/ *Cody Wofsy*

SangYeob Kim (No. 1183553)            Cody Wofsy (No. 1179414)
Gilles R. Bissonnette (No. 123868)    Hannah Steinberg
Henry Klementowicz (No. 1179814)      Stephen Kang
Chelsea Eddy (No. 1213964)            Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION        AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE                      FOUNDATION IMMIGRANTS' RIGHTS
18 Low Avenue                         PROJECT
Concord, NH 03301                     425 California Street, Suite 700
Tel.: (603) 224-5591                  San Francisco, CA 94104
sangyeob@aclunh.org                   Tel.: (415) 343-0770
gilles@aclu-nh.org                    cwofsy@aclu.org
henry@aclu-nh.org                     hsteinberg@aclu.org
chelsea@aclu-nh.org                   skang@aclu.org
                                      samdur@aclu.org
Morenike Fajana                       Noor Zafar
Ashley Burrell                        Wafa Junaid
Elizabeth Caldwell                    Grace Choi

4

<div style="columns:2">

NAACP Legal Defense &
Educational Fund, Inc.
40 Rector St., FL 5,
New York, NY 10006
Tel.: (212) 217-1690
mfajana@naacpldf.org
aburrell@naacpldf.org
bcaldwell@naacpldf.org

Morgan Humphrey
Mide Odunsi
NAACP Legal Defense &
Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel.: (202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (No. 1145471)
Zachary L. Heiden (No. 99242)
American Civil Liberties Union of
Maine Foundation
P.O. Box 7860
Portland, Maine 04112
Tel.: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille (No. 1150582)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza
Suite 850
Boston, MA 02108
Tel.: (617) 482-3170
alafaille@aclum.org

Lee Gelernt (No. 41744)
Omar Jadwat (No. 1124751)
American Civil Liberties
Union Foundation Immigrants'
Rights Project
125 Broad St., 18th Floor New
York, NY 10004
Tel.: (212) 549-2660
nzafar@aclu.org
wjunaid@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Christopher M. Lapinig
Kimberly Wei Leung
Winifred Kao
Asian Law Caucus
55 Columbus Ave
San Francisco, CA 94111
Tel.: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

Norm Eisen†
Tianna Mays†
State Democracy Defenders Fund
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
Tel.: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

*Counsel for Plaintiffs*
†*Counsel for LULAC only*

</div>

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants.

I further certify that this Motion complies with the 5,200-word limit in that it contains 798 words including the footnotes.

<div style="text-align: right;">

/s/ Cody Wofsy
Cody Wofsy (No. 1179414)

</div>

Dated:  April 14, 2025