IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

NEW HAMPSHIRE INDONESIAN
COMMUNITY SUPPORT, et al.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, President of the United
States, in their official capacity, et al.,

Defendants-Appellants.

No. 25-1348

**MOTION TO HOLD APPEAL IN ABEYANCE**

This case involves a challenge to President Trump's Executive Order interpreting the Citizenship Clause of the Fourteenth Amendment. The district court granted a preliminary injunction. The government appealed but did not seek a stay pending appeal. It now respectfully requests this Court hold the appeal in abeyance pending this Court's resolution of *Doe v. Trump* (No. 25-1169) and *New Jersey v. Trump* (No. 25-1170) and the Supreme Court's resolution of the pending applications for stays in *Trump v. CASA, Inc.* (S. Ct. No. 24A884), *Trump v. Washington* (S. Ct. No. 24A885), and *Trump v. New Jersey* (S. Ct. No. 24A886). Those cases will resolve the merits and standing issues involved in this appeal, and neither this Court nor the parties would benefit from repetitive briefing of the same issues. This motion is opposed.

**1.** The plaintiffs-appellees sought a nationwide, preliminary injunction, claiming the Executive Order violated the Fourteenth Amendment, 8 U.S.C. § 1401 and the Administrative Procedure Act. The district court granted a narrower, party-specific preliminary injunction. Because the government has not sought a stay pending appeal, that injunction remains in place.

The government appealed. The next day, the plaintiffs-appellees filed a motion asking that the appellants be ordered to file an opening brief 6 business days later, on April 21. This Court denied that motion and set an initial briefing schedule with the government's opening brief due on May 27.

**2.** At least ten different lawsuits challenging the Executive Order were filed. Three district courts granted nationwide preliminary injunctions. The government is currently briefing appeals from these three nationwide injunctions. It filed its opening brief in a Ninth Circuit appeal on March 7, 2025, *Washington v. Trump*, No. 25-807 (9th Cir.), in a Fourth Circuit appeal on March 31, 2025, *CASA Inc. v. Trump*, No. 25-1153 (4th Cir.), and in a consolidated appeal in this Court on April 21, 2025, *Doe v. Trump*, No. 25-1169 (1st Cir.); *New Jersey v. Trump*, No. 25-1170 (1st Cir.).

The federal government appealed both the nationwide injunction in the *New Jersey* case—brought by 18 States and 2 cities—and a narrower injunction in the *Doe* case—brought by an individual and two associations—that the district court decided in the same opinion. When this Court denied the government's request for a stay

pending appeal of the *New Jersey* injunction on March 11, 2025, it consolidated the *New Jersey* and *Doe* cases.

After this Court as well as the Fourth and Ninth Circuits denied motions for stays pending appeal, the government filed applications for stays in the Supreme Court on March 13, 2025. Those applications were fully briefed on April 7, 2025, and the Supreme Court has scheduled oral argument on the applications for May 15, 2025.

**3.** The issues involved in this case will be resolved in other cases that are already being briefed. The *New Jersey* and *Doe* cases involve the same merits issues as this case: whether the Executive Order violates the Citizenship Clause and 8 U.S.C. § 1401.[1] The plaintiffs-appellees previously acknowledged the issues were "largely identical." Plaintiffs-Appellees Motion to Set Briefing Schedule 2.

The government also plans to challenge the relief granted to the associations' members who did not establish Article III standing. That issue is also presented in the *Doe* case, *see* Gov't Br. 55-57 (1st Cir. No. 25-1169), and in the pending application for a stay in *Trump v. CASA Inc.*, *see* Gov't Application 22 (S. Ct. No. 24A884).

**4.** Abeyance will conserve this Court's resources by avoiding duplicative briefing and litigation. This Court will already have substantial briefing on the merits issues in the *New Jersey* and *Doe* cases. The appellees in those consolidated appeals are filing separate response briefs. It is likely that there will also be a substantial number

---

[1] All three cases also involve a claim under the Administrative Procedure Act, but the district court here did not reach that issue. *See* Dkt. 79, at 5 n.16.

of amicus briefs filed; the Ninth Circuit appeal about the Executive Order garnered 18 amicus briefs and this Court's appeal in *New Jersey* and *Doe* will likely garner a similar quantity. Abeyance will spare this Court additional briefing (including an additional round of amicus briefs) on issues that will already be adequately briefed in other cases.

5.  The parties would likewise benefit from holding this case in abeyance. The parties will conserve resources by foregoing the need to prepare additional briefs and appendices and review additional district court materials in a case raising the same issues that will be resolved in other cases which will already have been briefed. Moreover, filing briefs addressing an issue on which the Supreme Court is scheduled to hear argument risks the need to re-brief the issue in light of any subsequent decision by the Supreme Court.

Finally, there is no serious argument that holding the case in abeyance harms the plaintiffs-appellees, who will continue to benefit from the preliminary injunction in the meantime.

6. For the foregoing reasons, the government respectfully requests that the Court hold the appeal in abeyance pending this Court's resolution of the appeals in *Doe v. Trump* (No. 25-1169) and *New Jersey v. Trump* (No. 25-1170) and the Supreme Court's resolution of the pending applications for stays in *Trump v. CASA, Inc.* (S. Ct. No. 24A884), *Trump v. Washington* (S. Ct. No. 24A885), and *Trump v. New Jersey* (S. Ct. No. 24A886).

4

Respectfully submitted,

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
BRAD HINSHELWOOD


 /s/ *Derek Weiss*
 DEREK WEISS
   Attorneys, Appellate Staff
   Civil Division, Room 7230
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C. 20530
   (202) 616-5365
   derek.l.weiss@usdoj.gov

APRIL 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 902 words, according to the count of Microsoft Word.

/s/ *Derek Weiss*

DEREK WEISS