No. 25-1348

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

NEW HAMPSHIRE INDONESIAN
COMMUNITY SUPPORT, et al.,

Plaintiffs - Appellees,

v.

DONALD J. TRUMP, President of the United
States, in his official capacity, et al.,

Defendants - Appellants.

On Appeal from the United States District Court for the District of New
Hampshire Civil Action No. 1:25-cv-00038-JL-TSM

**PLAINTIFFS-APPELLEES' OPPOSITION TO
DEFENDANTS-APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE**

SangYeob Kim (No. 1183553)
Gilles Bissonnette (No. 123868)
Henry Klementowicz (No. 1179814)
Chelsea Eddy (No. 1213964)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Tel.: (603) 224-5591

Cody Wofsy (No. 1179414)
Hannah Steinberg
Stephen Kang
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
Tel.: (415) 343-0770

*Additional Counsel on Signature Page*

Defendants offer no sound basis to hold this case in abeyance. Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," and those circumstances are not present here. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). To the contrary, proceeding with briefing and argument in parallel with the other pending litigation regarding birthright citizenship will ensure that the Court is presented with the full range of plaintiffs, interests, evidence, and arguments that bear on the vitally important issues in this case. Plaintiffs here—organizations with hundreds of thousands of members nationwide—deserve to have their arguments heard and their interests and evidence considered as the Court weighs the vital questions in this litigation: A challenge to an Executive Order that would upend constitutional citizenship as we know it and deny birthright citizenship to millions of children across the country, including the children of Plaintiffs' members.

**ARGUMENT**

1. This suit is a challenge to Executive Order No. 14160, titled "Protecting the Meaning and Value of American Citizenship" (the "Order"). The Order purports to deny birthright citizenship to certain children born in the United States, including the children of Plaintiffs' members. *See New Hampshire Indonesian*

*Cmty. Support v. Trump*, No. 25-CV-38-JL-TSM, 2025 WL 457609, at *2 (D.N.H. Feb. 11, 2025) ("*NHICS*").  On February 10, 2025, the district court enjoined the Order "with respect to the plaintiffs."  *Id*. at *6; *see* Order, *NHICS* (D.N.H. Feb. 10, 2025), ECF No. 77 (granting preliminary injunction); Order (D.N.H. Mar. 14, 2025) (clarifying scope of injunction).  Defendants filed a notice of interlocutory appeal on April 10, 2025.

The *Doe/New Jersey* litigation is two consolidated parallel challenges to the Order currently pending before this Court.  *See* Ord. Court at 2, Nos. 25-1169, 25-1170 (1st Cir. Mar. 11, 2025).  One of those cases is brought by a group of states, and yielded a nationwide injunction, which this Court declined to stay.  *See New Jersey v. Trump*, 131 F.4th 27 (1st Cir. 2025).  The other case, *Doe v. Trump*, was brought by private individuals and organizations and yielded a plaintiff-specific injunction.  *Id*. at 33 n.4.

The government has sought partial stays of three nationwide injunctions against the Order from the Supreme Court: the *New Jersey* injunction, *Trump v. New Jersey* (S. Ct. No. 24A886) ("Stay App."), as well as injunctions in the Ninth and Fourth Circuits, *Trump v. Washington* (S. Ct. No. 24A885), *Trump v. CASA, Inc.* (S. Ct. No. 24A884).  In those stay applications, the government did not argue that a stay was warranted by any likelihood of success on the merits of the

constitutional or statutory challenges to the Order. *See New Jersey*, 131 F.4th at 35 ("The Government expressly declines to make any developed argument that it is likely to succeed on appeal in showing that the Executive Order is either constitutional or compliant with 8 U.S.C. § 1401."). Instead, the government has argued for a narrowed scope of those injunctions, contending that the State plaintiffs lack standing and that the injunctions should be limited to individual plaintiffs and identified organizational members. *See* Stay App. at 4.

2. An abeyance of the type Defendants seek is strongly disfavored and unjustified under the circumstances here. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. "[T]o be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party." *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir. 1983) (citing *Landis*, 299 U.S. at 255).

Here, there is danger that the abeyance Defendants seek will harm Plaintiffs. Consider, for example, Plaintiffs' argument that the Order violates not only the Fourteenth Amendment, but also and independently the birthright citizenship statute, 8 U.S.C. § 1401(a). In the *Doe/New Jersey* litigation, Defendants asserted below that the plaintiffs did not adequately brief § 1401(a) as an independent

3

ground on which the Order is illegal. *See* Defs.' Opp'n to Pls.' Mots. for Prelim. Inj. at 14 n.4, *Doe v. Trump*, No. 25-cv-10135 (D. Mass. Jan. 31, 2025), ECF No. 22. The district court rejected that suggestion, *see Doe v. Trump*, No. CV 25-10135-LTS, 2025 WL 485070, at *10 (D. Mass. Feb. 13, 2025), but Defendants may renew it before this Court. Indeed, in their appellate brief Defendants seek to collapse the constitutional and statutory issues, affording just one page to the latter suggesting that it "fails for the same reasons as their constitutional claim." *See* Appellants' Br. at 43-44, *Doe*, No. 25-1169 (1st Cir. Apr. 22, 2025).

Plaintiffs in this case dedicated extensive briefing below to developing the statutory claim as an independent ground to challenge the Order, *see* Pls.' Mot. for Prelim. Inj. at 8-12, *NHICS*, ECF No. 24-1; Pls.' Reply ISO Mot. for Prelim. Inj. at 10-11, ECF No. 64, leaving no space for Defendants to suggest waiver or forfeiture, *see* Defs.' Obj. to Pls.' Mot. for Prelim. Inj. at 26-27, ECF No. 58-1 (making no such argument). While Plaintiffs believe that any waiver or forfeiture argument as to the statutory claim in the *Doe/New Jersey* litigation would be meritless, the possibility that Defendants may so argue nevertheless presents a "danger," *Austin*, 705 F.2d at 5, that Plaintiffs' interests could be harmed if they are not permitted to fully defend their injunction.

There is further danger that the abeyance Defendants seek could harm

Plaintiffs because this Court could decide issues that directly affect Plaintiffs on a record that does not include Plaintiffs' own evidence. Plaintiffs here represent *hundreds of thousands* of members *nationwide*, and have submitted evidence of the harms the Order imposes on those members. *See* Pls.' Reply ISO Mot. for Prelim. Inj. at 14; Decl. of Juan Proaño ¶ 2, *NHICS*, ECF No. 24-3 (Plaintiff League of United Latin American Citizens has over 325,000 members nationwide); Decl. of Sierra Fontaine ¶ 10, *NHICS*, ECF No. 24-4 (Plaintiff Make the Road New York has over 28,000 members); Dec. of Sandra Pontoh ¶ 2, *NHICS*, ECF No. 24-2 (Plaintiff New Hampshire Indonesian Community Support has over 2,000 members in New Hampshire). Plaintiffs bring their own perspective and evidence of injury—different from that advanced by the plaintiff States in *New Jersey* or the Massachusetts-specific organizations and individuals in *Doe*. *See* Compl. at 4-5, *Doe*, No. 25-cv-10135 (D. Mass. Jan. 20, 2025), ECF No. 1; *Doe v. Trump*, No. CV 2510135-LTS, 2025 WL 485070, at *3 (D. Mass. Feb. 13, 2025).

Yet Defendants never come close to establishing "a clear case of hardship" to themselves, as would be necessary to overcome the presumption that Plaintiffs may proceed in their own suit. *Austin*, 705 F.2d at 5. They suggest that the ordinary appellate process—"the need to prepare additional briefs and appendices and review additional district court materials," Mot. to Hold Appeal in Abeyance

at 4, *NHICS*, No. 25-1348 (1st Cir. Apr. 25, 2025) ("Mot.")—constitutes such hardship. But litigation always requires some work. If that were enough, abeyance for other litigation would *always* be available, not "[o]nly in rare circumstances." *Landis*, 299 U.S. at 255. Moreover, by Defendants' own admission, this case involves "the same merits issues" as the *Doe/New Jersey* litigation, Mot. at 3, so preparing their briefs should require limited effort. Nor will preparing appendices or reviewing district court proceedings require special effort or resources; the record in this case is limited, consisting of declarations, and the briefing has been focused. In short, Defendants can offer no good reason to force these plaintiffs "to stand aside while a litigant in another [case] settles the rule of law that will define the[ir] rights . . . ." *Landis*, 299 U.S. at 255.

3. Unable to find any meaningful harm to themselves, much less the requisite "clear case of hardship," *Austin*, 705 F.2d at 5, Defendants urge that an abeyance will benefit the Court because it will "already have substantial briefing" from the *Doe/New Jersey* litigation. Mot. at 3. But the legality of the Order is an enormously significant issue, threatening to strip citizenship from thousands of babies born every day and untold numbers of future children, so robust briefing is a benefit, not a downside. And as previously explained, Plaintiffs here, representing hundreds of thousands of members nationwide, bring their own perspective and

evidence of injury. Moreover, they are represented by experienced counsel from the National ACLU and affiliates, NAACP Legal Defense Fund, Asian Law Caucus, and State Democracy Defenders Fund. Their full participation in litigation will advance the briefing and argumentation available to the Court as it considers the weighty issues presented here.

Nor will permitting this appeal to proceed harm or delay the Court's consideration of the *Doe/New Jersey* case. While the Court declined to adopt the briefing schedule from that case here, it did direct the clerk to enter a briefing schedule. *See* Ord., No. 25-1348 (1st Cir. Apr. 17, 2025). Under that schedule, Defendants' opening brief is due on May 27. Absent unanticipated events, Plaintiffs plan to forgo much of the period allowed for their opposition, and instead file their own brief shortly after May 27. Doing so will permit briefing in this case to be complete shortly after *Doe/New Jersey*, which will presumptively be complete on June 11. *See* Appellants' Br. Notice at 2, *Doe/New Jersey*, Nos. 25-1169, 25-1170 (1st Cir. Mar. 11, 2025); *see also* Fed. R. App. P. 31(a)(1). Nor does the Court need to permit duplicative amicus filings, should that be a concern. *See* Mot. at 4. It can, should it choose, simply direct that any amicus filings in *Doe/New Jersey* will also be considered in this case.

4. Finally, Defendants suggest that this appeal should be held in abeyance

pending the Supreme Court's resolution of the partial stay applications. Mot. at 1, 4. But the issues before the Court are of limited relevance here. Defendants have not sought full stays based on the constitutional or statutory merits. Instead, they have focused on state standing, an issue that has no bearing here, and the availability of nationwide relief beyond the parties, which the district court did not grant in this case. To be sure, Defendants have also argued that any remedy should be limited to only identified members of the organizational plaintiffs before the Court. But even if the Court agrees with that extreme position as to the scope of the injunction, Defendants' briefing on that issue before this Court takes up only two-and-a-half pages of their opening brief in *Doe/New Jersey*, *see* Appellants' Br. at 55-57, *Doe*, No. 25-1169 (1st Cir. Apr. 22, 2025)—hardly the kind of central issue that might warrant holding this entire litigation in abeyance. Moreover, Defendants have not sought to hold the *Doe/New Jersey* litigation in abeyance pending the resolution of the stay applications at the Supreme Court, despite the far larger overlap in issues. Given that circumstance, it makes little sense to hold this case in abeyance.

## CONCLUSION

Defendants' motion to hold the case in abeyance should be denied.

Dated: April 28, 2025                     Respectfully submitted,

/s/ *Cody Wofsy*

| | |
|---|---|
| SangYeob Kim (No. 1183553) | Cody Wofsy (No. 1179414) |
| Gilles R. Bissonnette (No. 123868) | Hannah Steinberg |
| Henry Klementowicz (No. 1179814) | Stephen Kang |
| Chelsea Eddy (No. 1213964) | Spencer Amdur |
| AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE | AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT |
| 18 Low Avenue | 425 California Street, Suite 700 |
| Concord, NH 03301 | San Francisco, CA 94104 |
| Tel.: (603) 224-5591 | Tel.: (415) 343-0770 |
| sangyeob@aclunh.org | cwofsy@aclu.org |
| gilles@aclu-nh.org | hsteinberg@aclu.org |
| henry@aclu-nh.org | skang@aclu.org |
| chelsea@aclu-nh.org | samdur@aclu.org |
| | |
| Morenike Fajana | |
| Ashley Burrell | Noor Zafar |
| Elizabeth Caldwell | Wafa Junaid |
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. | Grace Choi |
| | Lee Gelernt (No. 41744) |
| 40 Rector St., FL 5, | Omar Jadwat (No. 1124751) |
| New York, NY 10006 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT |
| Tel.: (212) 217-1690 | |
| mfajana@naacpldf.org | 125 Broad St., 18th Floor New York, NY 10004 |
| aburrell@naacpldf.org | |
| bcaldwell@naacpldf.org | Tel.: (212) 549-2660 |
| | nzafar@aclu.org |
| Morgan Humphrey | wjunaid@aclu.org |
| Mide Odunsi | gchoi@aclu.org |
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. | lgelernt@aclu.org |

9

700 14th Street NW, Suite 600  
Washington, DC 20005  
Tel.: (202) 249-2193  
mhumphrey@naacpldf.org  
modunsi@naacpldf.org  

Carol Garvan (No. 1145471)  
Zachary L. Heiden (No. 99242)  
AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION  
P.O. Box 7860  
Portland, Maine 04112  
Tel.: (207) 619.8687  
cgarvan@aclumaine.org  
heiden@aclumaine.org  

Adriana Lafaille (No. 1150582)  
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.  
One Center Plaza  
Suite 850  
Boston, MA 02108  
Tel.: (617) 482-3170  
alafaille@aclum.org  

ojadwat@aclu.org  

Christopher M. Lapinig  
Kimberly Wei Leung  
Winifred Kao  
ASIAN LAW CAUCUS  
55 Columbus Ave  
San Francisco, CA 94111  
Tel.: (415) 896-1701  
christopherl@asianlawcaucus.org  
kimberlyl@asianlawcaucus.org  
winifredk@asianlawcaucus.org  

Norm Eisen†  
Tianna Mays†  
STATE DEMOCRACY DEFENDERS FUND  
600 Pennsylvania Avenue SE, #15180  
Washington, D.C. 20003  
Tel.: (202) 594-9958  
norman@statedemocracydefenders.org  
tianna@statedemocracydefenders.org  

*Counsel for Plaintiffs*  
†*Counsel for LULAC only*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants. In addition, on the date of filing I caused a copy of this filing to be sent via email to counsel for the Defendants in this appeal, Derek Weiss (Derek.L.Weiss@usdoj.gov) and Brad Hinshelwood (Bradley.A.Hinshelwood@usdoj.gov).

I further certify that this Motion complies with the 5,200-word limit in that it contains 1,859 words including the footnotes.

/s/ Cody Wofsy
Cody Wofsy (No. 1179414)

Dated: April 28, 2025