IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| NEW HAMPSHIRE INDONESIAN COMMUNITY SUPPORT, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, in their official capacity, et al., <br><br> Defendants-Appellants. | No. 25-1348 |

**REPLY IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE**

Holding this case in abeyance would plainly cause plaintiffs-appellees no injury; the government has not sought a stay and the preliminary injunction remains in place for the duration of the appeal.

Both of their arguments for how they are harmed despite the injunction are meritless. They worry (at 3-4) that the Court may hold in *Doe* and *New Jersey* that the plaintiffs in those appeals waived or forfeited a statutory argument. Putting aside that the government has not pressed waiver or forfeiture in its already filed brief, even if the panel were to reach that conclusion in *Doe* and *New Jersey*, it would not affect the plaintiffs here because it would not be controlling precedent. Plaintiffs-appellees' appeal would then come out of abeyance, and they would have an opportunity to

brief the statutory issue as a matter of first impression—all the while protected by the preliminary injunction, which remains in place.

Similarly, plaintiffs-appellees express concern (at 4-5) that fact-intensive issues of harm in their case may be different from the *Doe* and *New Jersey* cases. Again, even if that were true, abeyance would not harm them because fact-intensive conclusions about harm based on the *Doe* and *New Jersey* records would not be precedent affecting this appeal on a different factual record. When this appeal comes out of abeyance, plaintiffs-appellees could brief why the factual record renders their case different— again, all the while protected by the preliminary injunction.

Plaintiffs-appellees invoke the "clear case of hardship" language from *Landis v. North American Co.* (Opp. 3, 5), but that applies only when there is "a fair possibility that the stay … will work damage to some one else." 299 U.S. 248, 255 (1936). Delaying the point at which this Court affirms or reverses the preliminary injunction currently benefiting the plaintiffs causes the plaintiffs no harm. (If this Court were to reverse, delay benefits the plaintiffs.) This case is fundamentally different than cases they point to, like *Austin v. Unarco Industries, Inc.*, where this Court was concerned about the stay causing the plaintiff the "financial hardship of being forced to wait for an undefined but potentially lengthy period before receiving the money to which she may be entitled." 705 F.2d 1, 5 (1st Cir. 1983). The plaintiffs here are waiting for nothing; they were already granted and are continuing to receive injunctive relief.

2

The plaintiffs-appellees' argument appears to be that courts of appeals' routine practice of holding similar cases in abeyance pending the resolution of a point of law in another case is rarely allowed. *Landis* is not authority for that inefficient proposition. *See, e.g.*, 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Finally, plaintiffs-appellees' goal appears to be to file their response brief "shortly after" the government's opening brief in this case (Opp. 7), and force the government to reply to the separate response briefs in *Doe* and *New Jersey*, as well as their brief in this case, during an overlapping 21-day period in which the same government lawyers will also be handling a June 4 oral argument in the related Ninth Circuit appeal, and working on a reply brief in a related Fourth Circuit appeal (expected to be due on June 21). Even if the plaintiffs-appellees here accelerated their brief, the government would likely have good cause for an extension of time to reply to their brief and would seek such an extension to avoid sacrificing the quality of their briefing and argument in those related appeals.

For the foregoing reasons, the government respectfully requests that the Court grant its motion to hold the appeal in abeyance pending this Court's resolution of the appeals in *Doe v. Trump* (No. 25-1169) and *New Jersey v. Trump* (No. 25-1170) and the Supreme Court's resolution of the pending applications for stays in *Trump v. CASA,*

*Inc.* (S. Ct. No. 24A884), *Trump v. Washington* (S. Ct. No. 24A885), and *Trump v. New Jersey* (S. Ct. No. 24A886).

                              Respectfully submitted,

                              ERIC D. MCARTHUR
                                *Deputy Assistant Attorney General*

                              MARK R. FREEMAN
                              SHARON SWINGLE
                              BRAD HINSHELWOOD

                              /s/ *Derek Weiss*
                             DEREK WEISS
                               Attorneys, Appellate Staff
                               Civil Division, Room 7230
                               U.S. Department of Justice
                               950 Pennsylvania Ave., N.W.
                               Washington, D.C. 20530
                               (202) 616-5365
                               derek.l.weiss@usdoj.gov

APRIL 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C), because it contains 696 words, according to the count of Microsoft Word.

/s/ *Derek Weiss*
DEREK WEISS